# SUMMONS ISSUED

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

TODD DANIELS, JESSICA DANIELS and TAVIA
DANIELS,,

                  Plaintiffs,

       -against-

THE CITY OF NEW YORK, POLICE OFFICER
JOSEPH FERNANDEZ, Shield No. 22694, and
JOHN and JANE DOE 1 through 4, Individually
and in their official capacities (the names John and
Jane Doe being fictitious, as the true names are
presently unknown),

                  Defendants.

-------------------------------------------------------------------x

**COMPLAINT**

CV11 -5763

Jury Trial Demanded

IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ NOV 23 2011 ★

BROOKLYN OFFICE

Plaintiffs, TODD DANIELS, JESSICA DANIELS and TAVIA DANIELS, by their

attorney, EDWARD FRIEDMAN, complaining of the defendants, respectfully allege as

follows:

## PRELIMINARY STATEMENT

1.    Plaintiffs bring action for compensatory damages, punitive damages and

attorney's fees pursuant to 42 U.S. §§ 1983 and 1988 for violation of the plaintiffs' civil

rights, as said rights are secured by said statutes and the Constitution of the State of New

York and the United States.

## JURISDICTION

2.    The action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth

and Fourteenth Amendments to the United States Constitution.

3.    Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

## VENUE

4.    Venue is properly laid in the Eastern District of New York under 28 U.S.C. §1391(b), in that it is the District in which the claim arose.

## JURY DEMAND

5.    Plaintiffs respectfully demand a trial by jury of all issues in the matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6.    Plaintiffs TODD DANIELS, JESSICA DANIELS and TAVIA DANIELS are legal residents of the United States and residents of the State of New York.

7.    Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.    Defendant CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, City of New York.

9.    That at all times hereinafter mentioned, the defendants, JOSEPH HERNANDEZ, and JOHN and JANE DOE 1 Through 4 were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10.    That at all times hereinafter mentioned the defendants, either personally or

2

through their employees, were acting under color of state law and/or in compliance with the officials rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

11.    Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

12.    Each and all of the acts to be alleged herein were done by said individuals while acting in furtherance of their employment by defendant CITY OF NEW YORK.

## FACTS

13.    On September 8, 2010 at approximately 10:30 P.M plaintiffs TODD DANIELS, JESSICA DANIELS and TAVIA DANIELS were lawfully inside premises 894 Belmont Avenue, in the County of Kings, City of New York.

14.    At the aforesaid time and place, the defendants, members of the New York City Police Department, unlawfully and without reasonable suspicion or probable cause approached plaintiff TODD DANIELS and asked him what he was doing at the location and arrested him.  During the course of this incident, plaintiff TODD DANIELS was punched, assaulted and otherwise manhandled by members of the New York City Police Department. The plaintiff Todd Daniels was taken to the 75th Precinct, and subsequently to Central Booking in Kings County, City and State of New York, where he was arraigned on charges of Attempted Tampering with Evidence and Resisting Arrest. Plaintiff was held in custody

3

until September 10, 2010 when he was released on his own recognizance.

15.     At the aforesaid time and place, the defendants, members of the New York City Police Department, unlawfully and without reasonable suspicion or probable cause approached plaintiff JESSICA DANIELS and asked her what she was doing at the location and arrested her. During the course of this incident, plaintiff JESSICA DANIELS was punched, assaulted and otherwise manhandled by members of the New York City Police Department. The plaintiff Jessica Daniels was taken to the 75th Precinct, and subsequently to Central Booking in Kings County, City and State of New York, where she was arraigned on charges of Obstructing Governmental Administration, Resisting Arrest and Disorderly Conduct. Plaintiff was held in custody until September 10, 2010 when she was released on her own recognizance

16.     At the aforesaid time and place, the defendants, members of the New York City Police Department, unlawfully and without reasonable suspicion or probable cause approached plaintiff TAVIA DANIELS and asked her what she was doing at the location and arrested her. During the course of this incident, plaintiff TAVIA  DANIELS was punched, assaulted and otherwise manhandled by members of the New York City Police Department. The plaintiff Tavia Daniels was taken to the 75th Precinct, and subsequently to Central Booking in Kings County, City and State of New York, where she was arraigned on charges of Obstructing Governmental Administration, Resisting Arrest and Disorderly Conduct. Plaintiff was held in custody until September 10, 2010 when she was released on

4

her own recognizance.

17.    As a result of the foregoing, plaintiffs, TODD DANIELS, JESSICA

DANIELS and TAVIA DANIELS sustained, *inter alia*, physical injury, emotional distress,

embarrassment, and humiliation, and deprivation of their constitutional rights.

## FEDERAL CLAIMS

### AS AND FOR A FIRST CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF TODD DANIELS
(Deprivation of Rights Under 42 U.S.C.§1983)

18.    Plaintiff repeats, reiterates and realleges each and every allegation contained

in paragraphs "1" through "17" with the same force and effect as if fully set forth herein.

19.    All of the aforementioned acts of defendants, their agents, servants and

employees were carried out under the color of State law.

20.    All of the aforementioned acts deprived plaintiff TODD DANIELS of the

rights, privileges and immunities guaranteed to citizens of the United States by the Fourth

and Fourteenth Amendments to the Constitution of the United States, and in violation of 42

U.S.C. §1983.

21.    The acts complained of were carried out by the aforementioned individual

defendants in their capacities as police officers, with the entire actual and/or apparent

authority attendant thereto.

22.    The acts complained of were carried out by the aforementioned individual

defendants in their capacities as police offices, pursuant to the customs, usages, practices,

5

procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

23.   Defendants, collectively and individually, while acting under color of State law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

24.   As a result of the aforementioned conduct of defendants, plaintiff TODD DANIELS was injured.

### AS AND FOR A SECOND CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF TODD DANIELS
(Supervisory Liability Under 42 U.S.C. §1983)

25.   Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs number "1" though "24" with the same force and effect as if fully set forth herein.

26.   The supervisory defendants personally caused plaintiff's constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to property supervise and train their subordinate employees.

27.   As a result of the aforementioned conduct of defendants, plaintiff TODD DANIELS was injured.

### AS AND FOR A THIRD CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF TODD DANIELS
(Failure To Intervene Under 42 U.S.C. §1983)

28.   Plaintiff repeats, reiterates and realleges each and every allegation contained

in paragraphs number "1" through "27" with the same force and effect as if fully set forth herein.

29.     Defendants had an affirmative duty to intervene on behalf of plaintiff TODD DANIELS, whose constitutional rights were being violated in their presence by other officers.

30.     The defendants failed to intervene to prevent the unlawful conduct described herein.

31.     As a result of the foregoing, plaintiff TODD DANIELS' liberty was restricted for an extended period of time, he was assaulted and battered, put in fear of his safety, and he was humiliated and subjected to handcuffing and other physical restraints.

### AS AND FOR A FOURTH CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF TODD DANIELS
(Excessive Force Under 42 U.S.C. §1983)

32.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "31" with the same force and effect as if fully set forth herein.

33.     The defendants unlawfully used excessive force against the plaintiff TODD DANIELS without justification.

34.     As a result of the foregoing, plaintiff TODD DANIELS was deprived of his Fourth and Fourteenth Amendment rights.

### AS AND FOR AN EIGHTH CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF TODD DANIELS
(Municipal LiabilityUnder 42 U.S.C. §1983)

35.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "34" with the same force and effect as if fully set forth herein.

36.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

37.     The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York Police Department included, but were not limited to, a de facto blanket policy, custom or practice of encouraging the unlawful arrests, detention and use of excessive force against young African-American males by the NYPD.  In Addition, the City of New York engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the violation of plaintiff TODD DANIELS' rights as described herein.  As a result of the failure of the City of New York to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

8

38.   The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff TODD DANIELS

39.   The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff TODD DANIELS as alleged herein.

40.   The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff TODD DANIELS as alleged herein.

41.   As a result of the foregoing customs, policies, usages, practices, procedures and rules of the city of new York and the New York City Police Department, plaintiff TODD DANIELS was unlawfully stopped, seized, assaulted, battered, detained and incarcerated.

42.   Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff TODD DANIELS' constitutional rights.

43.   All of the foregoing acts by defendants deprived plaintiff TODD DANIELS of federally protected rights, including, but not limited to, the right:

A.   To be free from assault and battery;

B.   To be free from the use of excessive force and/or the failure to

intervene.

44. As a result of the foregoing, plaintiff TODD DANIELS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants I an amount to be fixed by a jury.

## Supplemental State Law Claims
## ON BEHALF OF PLAINTIFF TODD DANIELS

45. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "44" with the same force and effect as if fully set forth herein.

46. Within ninety (90) days after the claim herein accrued, plaintiffs duly served upon, presented to and filed with the City of New York, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

47. The City of New York has wholly neglected or refused to make an adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such claim as aforesaid.

48. The action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

49. Plaintiff has complied with all conditions precedent to maintaining the instant action.

50. This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

10

## AS AND FOR A TWELFTH CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF TODD DANIELS
(Assault and Battery  Under the Laws of the State of New York)

51.     Plaintiff repeats, reiterates, and realleges each and every allegation contained

in paragraphs numbered "1" through "50" with the same force and effect as if fully set forth

herein.

52.     The plaintiff TODD DANIELS was assaulted and battered by the individual

defendants without any justification

53.     As a result of the aforementioned conduct of the defendants, plaintiff

TODD DANIELS suffered physical and emotional injuries.

## AS AND FOR A THIRTEENTH CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF TODD DANIELS
(Negligent Screening, Hiring and Retention  Under the Laws of the State of New York)

54   Plaintiff repeats, reiterates, and realleges each and every allegation contained

in paragraphs numbered "1" through "53" with the same force and effect as if fully set

forth herein.

55.     Upon information and belief, defendant City of New York failed to use

reasonable care in the screening, hiring and retention of the aforesaid defendants who

conducted and participated in the arrest of plaintiff TODD DANIELS.

56.     Defendant City of New York knew, or should have known in the exercise of

reasonable care, the propensities of the individual defendants to engage in the wrongful

conduct heretofore alleged in the Complaint.

11

## AS AND FOR A FOURTEENTH CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF TODD DANIELS
(Negligent Training and Supervision  Under the Laws of the State of New York)

57.  Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "56" with the same force and effect as if fully set forth herein.

58.    Upon information and belief the defendant City of New York failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the arrest of plaintiff TODD DANIELS.

## AS AND FOR A FIFTEENTH CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF TODD DANIELS
(Negligence  Under the Laws of the State of New York)

59.   Plaintiff repeats, reiterates, and realleges each and every allegation contained  in paragraphs numbered "1" through "58" with the same force and effect as if fully set forth herein.

60.    Plaintiff TODD DANIELS' injuries herein were caused by the carelessness, recklessness and negligence of the defendant City of New York and its employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

## AS AND FOR A SIXTEENTH  CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF TODD DANIELS
(*Respondeat Superior* Liability Under the Laws of the State of New York)

61.    Plaintiff repeats,  reiterates, and realleges each and every allegation

contained in paragraphs numbered "1" through "60" with the same force and effect as if fully set forth herein.

62.    Defendant City of New York is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

63.    As a result of the foregoing, plaintiff TODD DANIELS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

**FEDERAL CLAIMS**
**AS AND FOR A SEVENTEENTH CAUSE OF ACTION**
**ON BEHALF OF PLAINTIFF JESSICA DANIELS**
(Deprivation of Rights Under 42 U.S.C.§1983)

64.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "63" with the same force and effect as if fully set forth herein.

65.    All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of State law.

66.    All of the aforementioned acts deprived plaintiff JESSICA DANIELS of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States, and in violation of 42 U.S.C. §1983.

67.    The acts complained of were carried out by the aforementioned individual

13

defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

68.    The acts complained of were carried out by the aforementioned individual defendants in their capacities as police offices, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

69.    Defendants, collectively and individually, while acting under color of State law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

70.    As a result of the aforementioned conduct of defendants, plaintiff JESSICA DANIELS was injured.

### AS AND FOR AN EIGHTEENTH CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF JESSICA DANIELS
(Supervisory Liability Under 42 U.S.C. §1983)

71.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs number "1" though "70" with the same force and effect as if fully set forth herein.

72.    The supervisory defendants personally caused plaintiff's constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to property supervise and train their subordinate employees.

73.    As a result of the aforementioned conduct of defendants, plaintiff JESSICA

14

DANIELS was injured.

### AS AND FOR A NINETEENTH CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF JESSICA DANIELS
(Failure To Intervene Under 42 U.S.C. §1983)

74.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs number "1" through "73" with the same force and effect as if fully set forth herein.

75.     Defendants had an affirmative duty to intervene on behalf of plaintiff JESSICA DANIELS, whose constitutional rights were being violated in their presence by other officers.

76.     The defendants failed to intervene to prevent the unlawful conduct described herein.

77.     As a result of the foregoing, plaintiff JESSICA DANIELS' liberty was restricted for an extended period of time, she was assaulted and battered, put in fear of her safety, and she was humiliated and subjected to handcuffing and other physical restraints, without probable cause.

### AS AND FOR A TWENTIETH CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF JESSICA DANIELS
(Excessive Force Under 42 U.S.C. §1983)

78.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "77" with the same force and effect as if fully set forth herein.

15

79.    The defendants unlawfully used excessive force against the plaintiff JESSICA DANIELS without justification.

80.    As a result of the foregoing, plaintiff JESSICA DANIELS was deprived of her Fourth and Fourteenth Amendment rights.

## AS AND FOR A TWENTY-FIRST CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF JESSICA DANIELS
### (False Arrest Under 42 U.S.C. §1983)

81    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "80" with the same force and effect as if fully set forth herein.

82.    The defendants unlawfully arrested the plaintiff JESSICA DANIELS against her will without probable cause.

83.    As a result of the foregoing, plaintiff JESSICA DANIELS was deprived of her Fourth and Fourteenth Amendment rights.

## AS AND FOR A TWENTY-FOURTH CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF JESSICA DANIELS
### (Municipal Liability Under 42 U.S.C. §1983)

84.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "83" with the same force and effect as if fully set forth herein.

85.    Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the

respective municipality/authority, which is forbidden by the Constitution of the United States.

86.    The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York Police Department included, but were not limited to, a de facto blanket policy, custom or practice of encouraging the unlawful arrests, detention and use of excessive force against young African-Americans by the NYPD.    In Addition, the City of New York engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the violation of plaintiff JESSICA DANIELS' rights as described herein.    As a result of the failure of the City of New York to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

87.    The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff JESSICA DANIELS

88.    The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff JESSICA DANIELS as alleged herein.

89.    The foregoing customs, policies, usages, practices, procedures and rules of the

17

City of New York and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff JESSICA DANIELS as alleged herein.

90.    As a result of the foregoing customs, policies, usages, practices, procedures and rules of the city of new York and the New York City Police Department, plaintiff JESSICA DANIELS was unlawfully stopped, seized, assaulted, battered, detained and incarcerated.

91.    Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff JESSICA DANIELS' constitutional rights.

92.    All of the foregoing acts by defendants deprived plaintiff JESSICA DANIELS of federally protected rights, including, but not limited to, the right:

A.    Not to be deprived of liberty without due process of law;

B.    To be free from false arrest,

C.    To be free from assault and battery;

D.    To be free from the use of excessive force and/or the failure to intervene.

93.    As a result of the foregoing, plaintiff JESSICA DANIELS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants I an amount to be fixed by a jury.

18

## Supplemental State Law Claims
## ON BEHALF OF PLAINTIFF JESSICA DANIELS

94.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "93" with the same force and effect as if fully set forth herein.

95.    Within ninety (90) days after the claim herein accrued, plaintiffs duly served upon, presented to and filed with the City of New York, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

96.    The City of New York has wholly neglected or refused to make an adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such claim as aforesaid.

97.    The action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

98    Plaintiff has complied with all conditions precedent to maintaining the instant action.

99.    This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

## AS AND FOR A TWENTY-FIFTH CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF JESSICA DANIELS
(False Arrest Under the Laws of the State of New York)

100.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "99" with the same force and effect as if fully set forth

herein.

101.    Plaintiff JESSICA DANIELS was arrested and held against her will in police custody for over approximately forty-eight (48) hours.

102.    As a result of the aforementioned conduct, plaintiff JESSICA DANIELS was unlawfully detained in violation of the laws of the State of New York.

### AS AND FOR A TWENTY-EIGHTH CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF JESSICA DANIELS
(Assault and Battery Under the Laws of the State of New York)

103.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "102" with the same force and effect as if fully set forth herein.

104.    The plaintiff JESSICA DANIELS was assaulted and battered by the individual defendants without any justification

105.    As a result of the aforementioned conduct of the defendants, plaintiff JESSICA DANIELS suffered physical and emotional injuries.

### AS AND FOR A TWENTY-NINTH CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF JESSICA DANIELS
(Negligent Screening, Hiring and Retention Under the Laws of the State of New York)

106.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "105" with the same force and effect as if fully set forth herein.

107.    Upon information and belief, defendant City of New York failed to use

20

reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted and participated in the arrest of plaintiff JESSICA DANIELS.

108.    Defendant City of New York knew, or should have known in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in the Complaint.

### AS AND FOR A THIRTIETH CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF JESSICA DANIELS
(Negligent Training and Supervision Under the Laws of the State of New York)

109    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "108" with the same force and effect as if fully set forth herein.

110.    Upon information and belief the defendant City of New York failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the arrest of plaintiff JESSICA DANIELS.

### AS AND FOR A THIRTY-FIRST CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF JESSICA DANIELS
(Negligence Under the Laws of the State of New York)

111.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "110" with the same force and effect as if fully set forth herein.

112.    Plaintiff JESSICA DANIELS' injuries herein were caused by the carelessness, recklessness and negligence of the defendant City of New York and its employees and

21

agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

### AS AND FOR A THIRTY-SECOND CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF JESSICA DANIELS
(*Respondeat Superior* Liability Under the Laws of the State of New York)

113.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "112" with the same force and effect as if fully set forth herein.

114.    Defendant City of New York is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

115.    As a result of the foregoing, plaintiff JESSICA DANIELS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### FEDERAL CLAIMS

### AS AND FOR A THIRTY-THIRD CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF TAVIA DANIELS
(Deprivation of Rights Under 42 U.S.C.§1983)

116.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "115" with the same force and effect as if fully set forth herein.

117.    All of the aforementioned acts of defendants, their agents, servants and

22

employees were carried out under the color of State law.

118.    All of the aforementioned acts deprived plaintiff TAVIA DANIELS of the

rights, privileges and immunities guaranteed to citizens of the United States by the Fourth

and Fourteenth Amendments to the Constitution of the United States, and in violation of 42

U.S.C. §1983.

119. The acts complained of were carried out by the aforementioned individual

defendants in their capacities as police officers, with the entire actual and/or apparent

authority attendant thereto.

120.    The acts complained of were carried out by the aforementioned individual

defendants in their capacities as police offices, pursuant to the customs, usages, practices,

procedures, and the rules of the City of New York and the New York City Police

Department, all under the supervision of ranking officers of said department.

121.    Defendants, collectively and individually, while acting under color of State

law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the

respective municipality/authority, which is forbidden by the Constitution of the United States.

122.    As a result of the aforementioned conduct of defendants, plaintiff TAVIA

DANIELS was injured.

### AS AND FOR AN THIRTY-FOURTH CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF TAVIA DANIELS
(Supervisory Liability Under 42 U.S.C. §1983)

123.    Plaintiff repeats, reiterates, and realleges each and every allegation contained

23

in paragraphs number "1" though "122" with the same force and effect as if fully set forth herein.

124.    The supervisory defendants personally caused plaintiff's constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to property supervise and train their subordinate employees.

125.    As a result of the aforementioned conduct of defendants, plaintiff TAVIA DANIELS was injured.

## AS AND FOR A THIRTY-FIFTH CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF TAVIA  DANIELS
(Failure To Intervene Under 42 U.S.C. §1983)

126.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs number "1" through "125" with the same force and effect as if fully set forth herein.

127.    Defendants had an affirmative duty to intervene on behalf of plaintiff TAVIA DANIELS, whose constitutional rights were being violated in their presence by other officers.

128.    The defendants failed to intervene to prevent the unlawful conduct described herein.

129.    As a result of the foregoing, plaintiff TAVIA DANIELS' liberty was restricted for an extended period of time, she was assaulted and battered, put in fear of her safety, and she was humiliated and subjected to handcuffing and other physical restraints, without

24

probable cause.

## AS AND FOR A THIRTY-SIXTH CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF TAVIA DANIELS
### (Excessive Force Under 42 U.S.C. §1983)

130.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "129" with the same force and effect as if fully set forth herein.

131.    The defendants unlawfully used excessive force against the plaintiff TAVIA DANIELS without justification.

132.    As a result of the foregoing, plaintiff TAVIA DANIELS was deprived of her Fourth and Fourteenth Amendment rights.

## AS AND FOR A THIRTY-SEVENTH CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF TAVIA DANIELS
### (False Arrest Under 42 U.S.C. §1983)

133     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "132" with the same force and effect as if fully set forth herein.

134.    The defendants unlawfully arrested the plaintiff TAVIA DANIELS against her will without probable cause.

135.    As a result of the foregoing, plaintiff TAVIA DANIELS was deprived of her Fourth and Fourteenth Amendment rights.

25

## .Supplemental State Law Claims
## ON BEHALF OF PLAINTIFF TAVIA DANIELS

136.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "135" with the same force and effect as if fully set forth herein.

137.    Within ninety (90) days after the claim herein accrued, plaintiff duly served upon, presented to and filed with the City of New York, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

138.    The City of New York has wholly neglected or refused to make an adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such claim as aforesaid.

139.    The action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

140    Plaintiff has complied with all conditions precedent to maintaining the instant action.

141.    This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

## AS AND FOR A FORTY-FIRST CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF TAVIA DANIELS
(False Arrest Under the Laws of the State of New York)

142.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "141" with the same force and effect as if fully set forth

26

herein.

143.   Plaintiff TAVIA DANIELS was arrested and held against her will in police

custody for over approximately forty-eight (48) hours.

144   As a result of the aforementioned conduct, plaintiff TAVA DANIELS was

unlawfully detained in violation of the laws of the State of New York.

### AS AND FOR A FORTY-SECOND CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF  TAVIA DANIELS
(Assault and Battery  Under the Laws of the State of New York)

145.   Plaintiff repeats, reiterates, and realleges each and every allegation contained

in paragraphs numbered "1" through "144" with the same force and effect as if fully set forth

herein.

146.   The plaintiff TAVIA DANIELS was assaulted and battered by the individual

defendants without any justification

147.   As a result of the aforementioned conduct of the defendants, plaintiff

TAVIA DANIELS suffered physical and emotional injuries.

### AS AND FOR A FORTY-THIRD CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF  TAVIA DANIELS
(Negligent Screening, Hiring and Retention  Under the Laws of the State of New York)

148.   Plaintiff repeats, reiterates, and realleges each and every allegation contained

in paragraphs numbered "1" through "147" with the same force and effect as if fully set forth

herein.

149.   Upon information and belief, defendant City of New York failed to use

27

reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted and participated in the arrest of plaintiff TAVIA DANIELS.

150.    Defendant City of New York knew, or should have known in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in the Complaint.

### AS AND FOR A FORTY-FOURTH CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF TAVIA DANIELS
(Negligent Training and Supervision  Under the Laws of the State of New York)

151    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "150" with the same force and effect as if fully set forth herein.

152    Upon information and belief the defendant City of New York failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the arrest of plaintiff  TAVIA DANIELS.

### AS AND FOR A FORTY-FIFTH CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF TAVIA DANIELS
(Negligence  Under the Laws of the State of New York)

153.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "152" with the same force and effect as if fully set forth herein.

154.    Plaintiff TAVIA DANIELS' injuries herein were caused by the carelessness, recklessness and negligence of the defendant City of New York and its employees and

28

agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

### AS AND FOR A FORTY-SIXTH CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF   TAVIA DANIELS
(*Respondeat Superior* Liability Under the Laws of the State of New York)

155.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "154" with the same force and effect as if fully set forth herein.

156.    Defendant City of New York is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

157.    As a result of the foregoing, plaintiff   TAVIA  DANIELS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

WHEREFORE, plaintiffs demand judgment and pray for the following relief, jointly and severally, against the defendants:

A.    Full and fair compensatory damages for each plaintiff in an amount to be determined by a jury;

B.    Punitive damages for each plaintiff in an amount to be determined by a jury;

C.    Reasonable attorney's fees on behalf of each plaintiff and the costs and

disbursements of their actions; and

      D.     Such other and further relief as appears just and proper.

Dated: Brooklyn, New York
        November 18     , 2011

                                  EDWARD FRIEDMAN (EDF 4000)
                                  Attorney for Plaintiffs

                                  26 Court Street - Suite 1903
                                  Brooklyn, New York  11242
                                  (718) 852-8849